## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   DANIEL McGUIRE, | ) |
| | ) |
|      Plaintiff, on behalf of himself | ) |
|      and others similarly situated, | ) |
| | ) |
| v. | )   CIV-15-784-C |
| | ) |
| 1.   ADCO HOLDINGS, L.L.C., | ) |
| | ) |
| 2.   ADCO ENTERPRISES, L.L.C., | ) |
| | ) |
| 3.   AMERITASK, L.L.C., | ) |
| | )   JURY TRIAL DEMANDED |
| 4.   AC BRANCH HOLDINGS, | ) |
|      d/b/a AMERICLAIM, | )   ATTORNEY LIEN CLAIMED |
| | ) |
| 5.   ALAN NAGEL, | ) |
| | ) |
| 6.   DEBRA NAGEL | ) |
| | ) |
|      Defendants. | ) |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims as follows:

## PARTIES

1. The Plaintiff is Daniel McGuire, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants are:

    A.    ADCO Holdings, L.L.C. (hereinafter "ADCO Holdings"), a domestic limited liability company doing business in Oklahoma County, Oklahoma;

    B.    ADCO Enterprises, L.L.C. (hereinafter "ADCO Enterprises"), a domestic limited liability company doing business in Oklahoma County, Oklahoma;

    C.    Ameritask, L.L.C. (hereinafter "Ameritask"), a domestic limited liability company doing business in Oklahoma County, Oklahoma;

    D.    AC Branch Holdings, L.L.C. d/b/a AmeriClaim (hereinafter "AmeriClaim"), a company doing business in Oklahoma County, Oklahoma;

    E.    Alan Nagel, an individual resident of Oklahoma County, Oklahoma, and

    F.    Debra Nagel, an individual resident of Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff's claims are for failure to pay wages in violation of the Fair Labor Standards Act as set out in 29 U.S.C. § 206, 215, *inter alia*, and Oklahoma's Protection of Labor Act as set out in 40 O.S. §165.1, *et seq*.  Plaintiff also claims breach of contract under Oklahoma law.  Jurisdiction over the federal claims is vested in this Court under  29 U.S.C. § 216 and 28 U.S.C. § 1331.

4.    Most of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendants may be served in that county.  Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5.    The Defendants ADCO Holdings, ADCO Enterprises, Ameritask, and Americlaim, are companies which provide claims adjustor services on behalf of various insurance companies in Oklahoma and other states including Kansas, Virginia, Delaware and Maryland.

6.    Defendants have, jointly and/or separately, annual gross receipts exceeding five hundred thousand dollars ($500,000) such that they are covered employers under the Fair Labor Standards Act and the Oklahoma Protection of Labor Act.

7.    Defendants Alan Nagel and Debra Nagel were the owner and Chief Executive Officer, respectively, of Defendants ADCO Holdings, ADCO Enterprises, and Ameritask.

8.    Defendants Alan Nagel and Debra Nagel made the decisions to withhold the Plaintiff's wages and not to pay the Plaintiff the wages to which he was entitled.

9.    Plaintiff's employment agreement shows he was employed by Defendant ADCO Holdings and ADCO Enterprises.

10.   Plaintiff performed employment services on behalf of Ameritask, which is also owned by Defendant Alan Nagel such that Defendant Ameritask was also an

-2-

employer of the Plaintiff.

11.     Defendant Ameritask, in the alternative, is a successor in interest to Defendants ADCO Holdings and/or ADCO Enterprises for reasons including that it continued to perform the same functions, had the same purposes of operation, continued the same business operation using the same personnel except the Plaintiff, to Plaintiff's knowledge, as Defendants ADCO Holdings and ADCO Enterprises.

12.     Defendants ADCO Holdings, ADCO Enterprises and Ameritask contracted with Defendant Americlaim for the performance of services and the Plaintiff performed such services as an employee of ADCO Holdings, ADCO Enterprises and Ameritask for the benefit of Defendant AmeriClaim.

13.     As the entity contracting with ADCO Holdings and ADCO Enterprises for the performance of services, Defendant Americlaim is liable to the Plaintiff for the wages he was not paid performing such services.

14.     At the least, Defendants ADCO Holdings, ADCO Enterprises, and AmeriTask shared the same owners, officers and directors and, to Plaintiff's knowledge and belief, co-mingled funds to pay the Plaintiff's wages and for other purposes, co-mingled capital, and the owners do not act in the interest of the subsidiaries separately, the Defendants co-determined the terms and conditions of the Plaintiff's employment, including the tasks the Plaintiff was required to perform, the days the Plaintiff was required to work and the amount of compensation to which the Plaintiff would be entitled such that these entities are liable as joint employers of the Plaintiff and/or an integrated enterprise.

15.     The Plaintiff was employed by the Defendant from around February 2012 until around August 31, 2012.

16.     The Plaintiff entered into a written employment contract around February 8, 2012.

17.   The contract provided that the Plaintiff shall be paid a percentage of the "profits" as defined by the written contract.

18.   The Contract was drafted by Defendant Alan Nagel and signed by Defendant Debra Nagel.

19.   The contract provides that Plaintiff shall be paid "according to a commission and base package" as set out in Para. 4a, below:

> 4.   <u>Compensation and Benefits:</u>
> 4.a   Employee will be paid according to a commission and base compensation package which will be clearly outlined in a separate addendum.  Said separate addendum will be developed by the parties and is to be mutually agreed upon.

20.   The separate addendum described in Para. 4.a of the Contract is titled "ADCO HOLDINGS, LLC COMPENSATION AND COMMISSION PACKAGE" and attached as "Addendum 'C'" to the Contract.

21.   The Compensation and Commission Package provided that Plaintiff would be compensated as follows:

A.   A minimum monthly gross compensation of $3,000.00 (Three Thousand dollars).

B.   Commissions "in the form of a profit share from all ADCO Enterprises operations (dba AmeriClaim Branch Operations)."

C.   Commissions of "70% (Seventy percent) of the net Profits from ADCO Enterprises/AmeriClaim Branch operations based upon the definition provided herein, and pursuant to Exhibit 6 attached (sample invoice accounting)."

22.   The $3,000 monthly compensation was a salary and not part of Plaintiff's commissions.

23.   Defendant refused to pay the Plaintiff the compensation to which he was entitled

and made unlawful deductions to the Plaintiff's wages which were not authorized under federal or state law and which violated the Plaintiff's employment contract.

24. During nearly every week of the Plaintiff's employment he worked in excess of forty hours each week.

25. During the entirety of Plaintiff's employment, the Defendants failed to pay the Plaintiff for the wages he earned during any work-week.

26. As a result, the Plaintiff was paid less than the minimum wage and also denied overtime compensation to which he was entitled.

27. Additionally, the failure to pay wages breached the Plaintiff's written employment agreement which required the Defendant to pay the Plaintiff in wages a certain percentage of the profits as defined by the contract.

28. As a direct result of the Defendants' conduct the Plaintiff has suffered lost wages.

29. Failure to pay wages, including minimum and overtime wages, and unlawful deductions resulting in Plaintiff being paid less than the minimum wage, violate the Fair Labor Standards Act and the Oklahoma Protection of Labor Act.

30. Plaintiff is entitled to his wage loss and an equal amount of liquidated damages, in addition to interest on such unpaid wages.

31. Failure to pay Plaintiff his contractually agreed upon wages is a material breach of the Plaintiff's contract.

33. Plaintiff is entitled to an award of attorney fees and costs.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendants on all of his claims and grant him all available damages including, compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS <u>17th</u> DAY OF JULY, 2015**.

HAMMONS, GOWENS & HURST

s/Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS & hurst
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: Amberh@hammonslaw.com
       Mark@hammonslaw.com
*Counsel for Plaintiff*